OPINION
OF THE JUSTICES OF THE SUPREME JUDICIAL COURT
GIVEN UNDER THE PROVISIONS OF SECTION 3
OF ARTICLE VI OF THE CONSTITUTION

\* \* \* \* \* \* \* \* \*

QUESTIONS PROPOUNDED BY THE GOVERNOR
ON OCTOBER 27, 1961
ANSWERED NOVEMBER 8, 1961

LETTER PROPOUNDING QUESTIONS

STATE OF MAINE

EXECUTIVE DEPARTMENT
Augusta, Maine
October 27, 1961

To the Honorable Justices of the Supreme Judicial Court:

Under and by virtue of the authority conferred upon me as Governor of the State of Maine by the Constitution of the State of Maine, Article VI, Section 3, and being advised and believing that the questions of law hereafter presented are vital to the proper performance of my duties as governor and that the answering of these questions constitutes a solemn occasion, I, John H. Reed, Governor of Maine, respectfully submit the following statement of facts and questions of law and ask that the Justices of the said Supreme Judicial Court give their opinion thereon.

STATEMENT OF FACTS

WHEREAS, the 100th Maine Legislature, pursuant to law, adopted Chapter 95 of the Resolves of 1961, a "Resolve, Proposing an Amendment to the Constitution to Limit to Retirement Purposes the Use of Funds of the Maine State Retirement System" and Chapter 106 of the Resolves of 1961, a "Resolve, Proposing an Amendment to the Con-

stitution Authorizing the Construction of Industrial Buildings";

WHEREAS, both of said Resolves contain the following language:

> "Form of question and date when amendment shall be voted upon. Resolved: That the aldermen of cities, the selectmen of towns and the assessors of the several plantations of this State are empowered and directed to notify the inhabitants of their respective cities, towns and plantations to meet in the manner prescribed by law for calling and holding biennial meetings of said inhabitants for the election of Senators and Representatives at the next general or special state-wide election to give in their votes upon the amendment proposed in the foregoing resolution, and the question shall be:

> " 'Shall the Constitution be amended as proposed by a resolution of the Legislature providing that the funds of the Maine State Retirement System shall be maintained in trust and shall not be diverted?'

> "The inhabitants of said cities, towns and plantations shall vote by ballot on said question, and shall indicate by a cross or check mark placed against the words 'Yes' or 'No' their opinion of the same. The ballots shall be received, sorted, counted and declared in open ward, town and plantation meetings and returns made to the office of the Secretary of State in the same manner as votes for Governor and Members of the Legislature, and the Governor and Council shall count the same, and if it shall appear that a majority of the inhabitants voting on the question are in favor of the amendment, the Governor shall forthwith make known the fact by his proclamation, and the amendment shall thereupon, as of the date of said proclamation, become a part of the Constitution.";

WHEREAS, Chapter 220 of the Private and Special Laws of 1961, "An Act to Authorize the Construction of Self-Liquidating Student Housing for the State Teachers Colleges and the Issuance of not Exceeding $2,600,000 Bonds of the State of Maine for the Financing Thereof" provided that a referendum for ratification be held "on the second Tuesday of October, 1961 . . . ";

WHEREAS, a referendum election was held on the second Tuesday of October, 1961 (being the 10th of October, 1961) at which time the inhabitants gave their approval to the foregoing bond issue, a highway bond issue, and the two constitutional amendments;

WHEREAS, under Revised Statutes, Chapter 10, section 18, it is my duty as Governor of the State of Maine within 30 days after it appears that a constitutional amendment has been adopted to make proclamation thereof, and,

WHEREAS, it is essential that I as Governor be advised as to the validity and effectiveness of the favorable votes approving the two constitutional amendments referred to above, so that I can determine whether or not a proclamation should be made according to the provisions of Revised Statutes, Chapter 10, section 18,

NOW, THEREFORE, I, John H. Reed, Governor of Maine, respectfully request an answer to the following questions:

## QUESTIONS

1) Does the fact that the two constitutional amendments were submitted to the electors on a date not in conformity with Article X, section 4, of the Constitution of the State of Maine, render invalid and ineffective the favorable vote cast at the special referendum election?

2)    If the answer to the first question is in the affirmative, can these two proposed amendments again be presented to the electorate at the next biennial meetings to be held in November, 1962?

Respectfully submitted,

JOHN H. REED,
*Governor of Maine*


ANSWERS OF THE JUSTICES

To The Honorable John H. Reed, Governor of Maine:

In compliance with the provisions of Section 3 of Article VI of the Constitution of Maine, we, the undersigned Justices of the Supreme Judicial Court, have the honor to submit the following answers to the questions propounded on October 27, 1961.

The opinion is sought in connection with the duty of the Governor under R. S., c. 10, § 18, which reads in part:

"Within 30 days after it appears that a constitutional amendment has been adopted, the governor shall make proclamation thereof. . ,"

QUESTION 1

1.    Does the fact that the two constitutional amendments were submitted to the electors on a date not in conformity with Article X, section 4, of the Constitution of the State of Maine, render invalid and ineffective the favorable vote cast at the special referendum election?

We answer this question in the affirmative only as to the favorable vote cast for the two proposed constitutional amendments.

Article X, Sec. 4 of the Constitution, as amended by the eighty-third amendment in 1957, reads:

> " 'Section 4. The legislature, whenever two-thirds of both houses shall deem it necessary, may propose amendments to this constitution; and when any amendments shall be so agreed upon, a resolution shall be passed and sent to the selectmen of the several towns, and the assessors of the several plantations, empowering and directing them to notify the inhabitants of their respective towns and plantations, in the manner prescribed by law, at the next biennial meetings in the month of November, or to meet in the manner prescribed by law for calling and holding biennial meetings of said inhabitants for the election of senators and representatives, on the Tuesday following the first Monday of November following the passage of said resolve, to give in their votes on the question, whether such amendment shall be made; and if it shall appear that a majority of the inhabitants voting on the question are in favor of such amendment, it shall become a part of this Constitution.' "

Thus a precise day and calendar month for voting by either alternative are positively appointed and denoted by the Constitution which is by definition our fundamental and basic law.

The voting upon the two proposed constitutional amendments with which we are concerned was had upon October 10, A. D. 1961, the Tuesday following the second Monday of October. Such a time was in compliance neither with the command of the Constitution nor with the resolution of the Legislature.

In *Opinions of the Justices* (1842), 18 Me. 458, 464, Whitman, C. J., said:

> "When the constitution designates, in express and explicit terms, the precise time when a fundamental act shall be done, and is utterly silent as to

its performance at any other time, we are not aware of any ground, upon which the doing of it can be authorized at any other time."

Justice Cooley, in his authoritative work on the Constitution, said:

"But the courts tread upon very dangerous ground when they venture to apply the rules which distinguish directory and mandatory statutes to the provisions of a constitution."

Cooley's Constitutional Limitations, 6th ed., page 93, 8th ed., vol. 1, page 159.

In *Collier* v. *Frierson* (1854), 24 Ala. 100, 109, the court said, in a soundly reasoned and very respected precedent:

"We entertain no doubt, that, to change the constitution in any other mode than by a convention, every requisition which is demanded by the instrument itself, must be observed, and the omission of any one is fatal to the amendment. We scarcely deem any argument necessary to enforce this proposition. The constitution is the supreme and paramount law. The mode by which amendments are to be made under it is clearly defined. It has been said, that certain acts are to be done - - certain requisitions are to be observed, before a change can be effected. But to what purpose are these acts required, or these requisitions enjoined, if the Legislature or any other department of the government, can dispense with them. To do so, would be to violate the instrument which they are sworn to support; and every principle of public law and sound constitutional policy requires the courts to pronounce against every amendment, which is shown not to have been made in accordance with the rules prescribed by the fundamental law."

See also *Johnson* v. *Craft* (1921), 205 Ala. 386, 87 So. 375.

"The power given to the legislature is a grant of power. It has it not without the constitutional provision. The grant is given to be exercised in

the mode conferred on the legislature by the constitution. It is so limited by the people acting in the exercise of their highest sovereign power. In such case the mode is the measure of the power." *Oakland Paving Co.* v. *Hilton,* 69 Cal. 479, 514, 11 Pac. 3, 19.

We are satisfied that there has been no vote upon such amendments pursuant to the Constitution and therefore the amendments have not yet been adopted.

## QUESTION 2

2. If the answer to the first question is in the affirmative, can these two proposed amendments again be presented to the electorate at the next biennial meetings to be held in November, 1962?

This question we answer in the affirmative.

A submission of the proposed amendments to the people at the "biennial meetings of said inhabitants for the election of Senators and Representatives at the next general . . . state-wide election" in November, 1962 will conform to the express requirement of the Constitution and the Legislative resolves. Resolves 1961, Chap. 95, Chap. 106; Maine Constitution, Article X, Sec. 4, as amended.

Dated at Augusta, Maine, this 8th day of November, 1961.

Respectfully submitted:

ROBERT B. WILLIAMSON
DONALD W. WEBBER
WALTER M. TAPLEY, JR.
FRANCIS W. SULLIVAN
F. HAROLD DUBORD
CECIL J. SIDDALL